Kristofer D. Leavitt, ESQ
LEAVITT LEGAL GROUP, P.C.
Nevada Bar No 13173
612 S. 10th Street
Las Vegas, Nevada 89101
(702) 423-7208
kleavitt@leavittlegalgroup.com

*Attorney for Plaintiff Craig Dellaneva*

**UNITES STATED DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG DELLANEVA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CORNER INVESTMENT COMPANY d/b/a THE CROMWELL, a Nevada Corporation;<br><br>Defendants. | Case No.: 2:19-cv-00437<br><br>**COMPLAINT**<br><br>And<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff CRAIG DELLANEVA (hereinafter as "Mr. Dellaneva" or "Plaintiff"), by and through his counsel of record. Kristofer D. Leavitt, Esq. of LEAVITT LEGAL GROUP, P.C., hereby respectfully alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Ms. Cannon is, and has been at all times relevant to the claims herein, a resident of Clark County in the State of Nevada and, therefore, resides in this judicial district.

2. Defendant CORNER INVESTMENT COMPANY d/b/a THE CROMWELL (hereinafter as "Cromwell") is, and has been at all times relevant to the claims herein, a corporate entity incorporated under the laws of the State of Nevada and conducting business in Clark County in the State of Nevada and, therefore, is located in this judicial district.

3. Plaintiff's claims arise out of Defendants' activities in this judicial district.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

5. The Court also has supplemental jurisdiction, when necessary, pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTON OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted the requisite administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under EEOC Charge Number 487-2019-00414.

8. Plaintiff's charge was filed within 300 days of the incident giving rise to the discrimination alleged herein.

9. On December 17, 2018, the EEOC issued Plaintiff a "Dismissal and Notice of Right to Sue," which is attached hereto as **Exhibit 1**, and Plaintiff has filed this law suit within 90 days of receipt of the "Dismissal and Notice of Right to Sue."

## GENERAL ALLEGATIONS

10. Plaintiff was hired by Defendant on or around October 17, 2016 as a security officer.

11. In or around August 2017, Plaintiff suffered a work-related industrial accident that limited some of his physical abilities.

12. As a result of Plaintiff's injury he was moved from security officer to security dispatcher.

13. On or about December 17, 2016, Plaintiff met with one of his supervisors, Mr. Dennis Easterday, as well as individuals from Human Resources and Risk Management.

14. At the meeting on December 17, 2017, Plaintiff was informed he would be physically unable to perform the necessary functions of his job as a security dispatcher and was informed he had 17 days to find new employment.

15. On December 26, 2017, just a few days before his termination, there was a large crowd outside the Drai's Night Club that presented some exceptionally difficult problems.

16. During this time, Plaintiff provided exemplary service and far exceeded the expectations for his position.

17. As a result, the following day, Plaintiff was informed he was being offered a full-time security dispatch position despite his apparent disability.

18. Plaintiff accepted the offer and continued his employment.

19. In or around July 2018, Defendant decided to offer raises to all security personnel, which included Plaintiff.

20. In order to obtain this raise, Defendant informed Plaintiff he needed to attend a multi-day training session that would require physical activity Plaintiff was unable to perform.

21. Plaintiff addressed the training with his supervisors, Lieutenant Stoffregen and Sargeant Sanchez, who assured Plaintiff Defendant would make an accommodation for him so he could remain in his position and still obtain the offered raise.

22. When Plaintiff asked if it was really necessary for him to attend the training, Lieutenant Stoffregen stated "if you don't want the raise you don't have to go."

23. Plaintiff, who wanted the offered raise, attended to training session.

24. During the first day of the training session, the individuals performing the training told Plaintiff he was not able to complete the training and instructed him to leave the training.

25. Plaintiff followed their instruction, but sent a text message to his Captain asking for clarification.

26. In response, the Captain instructed Plaintiff to return to the training the following day and complete the rest of the training.

27. Plaintiff returned to the training session the following day and was instructed to sit on a bench and observe until the training was complete.

28. Plaintiff did as he was instructed and observed the training.

29. Despite successfully observing the training as he was instructed, and completing a written test on the areas trained, Plaintiff was informed he did not successfully complete the academy and was prevented from obtaining the raise offered to security personnel.

30. As a result, Plaintiff is not being compensated fairly and he is being paid less than his non-disabled peers.

31. Plaintiff has spoken with many of his supervisors about obtaining the offered

raise, and he believes he is not being given the raise, at least in part, because of his persistence in ensuring he gets the raise he was promised

## FIRST CAUSE OF ACTION
### Disability Discrimination – 42 U.S.C. § 12101, *et seq.*

32. Plaintiff hereby expressly incorporates any and all allegations in the previous paragraphs as though set forth herein.

33. Plaintiff has a disability, or is perceived to have a disability, by Defendant.

34. Defendant, despite this disability, is able to perform the necessary functions of his job, as evidenced by the fact Defendant has allowed him to continue working despite his disability.

35. Defendant has also offered raises to Plaintiff's peers based on successful completion of a multi-day security training session.

36. After successful completion of the multi-day training session, Plaintiff was not given the raise he was promised and that was given to his non-disabled peers.

37. As a result of Defendant's action and/or inaction, Plaintiff has found it necessary to retain the law firm, LEAVITT LEGAL GROUP, P.C., to pursue this action and, as a result, is entitled to attorneys' fees and costs.

38. Given the willful and/or grossly negligent actions of Defendant, Plaintiff is entitled to punitive damages.

39. Plaintiff is also entitled to whatever other relief or remedy the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Failure to Accommodate – 42 U.S.C. § 12101, *et seq.*

40. Plaintiff hereby expressly incorporates any and all allegations in the previous paragraphs as though set forth herein.

41. Plaintiff has a disability, or is perceived to have a disability, by Defendant.

42. Defendant, despite this disability, is able to perform the necessary functions of his job, as evidenced by the fact Defendant has allowed him to continue working despite his

disability.

43. Defendant has also offered raises to Plaintiff's peers based on successful completion of a multi-day security training session, to which Defendant sought a reasonable accommodation.

44. Defendant initially agreed to provide Plaintiff with the requested accommodation, but still required him to attend the multi-day training session, which he did.

45. After successful completion of the multi-day training session, Plaintiff was not given the raise he was promised.

46. As a result of Defendant's action and/or inaction, Plaintiff has found it necessary to retain the law firm, LEAVITT LEGAL GROUP, P.C., to pursue this action and, as a result, is entitled to attorneys' fees and costs.

47. Given the willful and/or grossly negligent actions of Defendant, Plaintiff is entitled to punitive damages.

48. Plaintiff is also entitled to whatever other relief or remedy the Court deems just and proper.

### THIRD CAUSE OF ACTION
#### Retaliation

49. Plaintiff hereby expressly incorporates any and all allegations in the previous paragraphs as though set forth herein.

50. Plaintiff engaged in protected activity by, among other things, seeking to obtain a raise to which he was entitled.

51. Upon information and belief, Defendant has withheld this raise because of Plaitniff's engagement in protected activity.

52. As a result of Defendant's action and/or inaction, Plaintiff has found it necessary to retain the law firm, LEAVITT LEGAL GROUP, P.C., to pursue this action and, as a result, is entitled to attorneys' fees and costs.

53. Given the willful and/or grossly negligent actions of Defendant, Plaintiff is entitled to punitive damages.

54.   Plaintiff is also entitled to whatever other relief or remedy the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For damages together with any interest due thereon at the applicable rate of interest;

2.   For liquidated and/or punitive damages to the fullest extent allowed under the law;

3.   For pre-judgment interest to the fullest extent allowed under the law;

4.   For fees and costs incurred in bringing the instant lawsuit to the fullest extent allowed under the law;

5.   For any other such relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Please take notice that pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury in this action.

DATED this 13th day of March, 2019.

LEAVITT LEGAL GROUP, P.C.

By: *Kristofer D. Leavitt*
Kristofer D. Leavitt, Esq. (13173)
612 S. 10th Street
Las Vegas, Nevada 89101